UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAROLE GAREL, ET AL | CIVIL ACTION |
| VERSUS | NO: 22-5304 |
| SOUTHERN FIDELITY INSURANCE COMPANY, ET AL | SECTION: "T" (2) |

## ORDER

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)). Plaintiff Carole Garel, a citizen of Louisiana, filed the above-captioned matter in this Court against two defendants, Southern Fidelity Insurance Company ("SFIC"), a company incorporated in and having its principal place of business in Florida, and the Louisiana Insurance Guaranty Association ("LIGA"). R. Doc. 1. Plaintiff asserts that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because SFIC is not a citizen of the same state as Plaintiff. *Id.* at 3. But Plaintiff fails to address the citizenship of LIGA in her Complaint.

As the Fifth Circuit has held, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers." *Temple Drilling Co. v. Louisiana Insurance Guaranty Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing *Carden v. Arkoma Assocs.,* 494 U.S. 185 (1990)). It is well established that LIGA has member insurers who are citizens of Louisiana. *See Keiffer v. S. Fidelity Ins. Co.*, 2023 WL 157631, at *1 n.3 (finding LIGA is a citizen of Louisiana for purposes of

diversity based on the citizenship of its member insurers); *14th St. Props., LLC v. S. Fid. Ins. Co.*, 2023 WL 416317, at *1 (same). As noted, Plaintiff is also a citizen of Louisiana. R. Doc. 1 at 3.

In the absence of complete diversity, a federal court cannot assert diversity jurisdiction over a dispute. *See, e.g.*, *Strawbridge v. Curtiss*, 2 L. Ed. 435 (1806). Plaintiff has identified no other basis for the Court to continue asserting subject matter jurisdiction over this matter, and the Court has found none. Thus, having determined that it lacks subject matter jurisdiction, the Court must dismiss this action. *See* Fed. R. Civ. P. 12(h)(3) (If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Accordingly;

**IT IS ORDERED** that the above-captioned matter is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 9th day of November, 2023.

_____
Greg Gerard Guidry
United States District Judge